By the Court.
This case was heard on a motion filed by the defendant in error to affirm the judgment of the court of appeals on the ground that the only question presented by the petition in error is that the Workmen’s Compensation Law (102 O. L., 524) is in some respects violative of the constitution of Ohio and of the 14th amendment of the constitution of the United States, which question has been decided by this court adversely to the claim of the plaintiff in error.
This action was commenced in the common pleas court of Franklin county to recover damages for injuries to Harry O. Blagg, a minor, while in the service of the plaintiff in error.
The petition alleged that the injury occurred to the plaintiff because of the placing of certain freight cars on a switch, with an opening left between them for the use of employes; that between the switch and a fence on the extreme south side of the lands of the defendant were two piles of lumber. The plaintiff had been directed by defendant to assist in removing the lumber to a point on the north side of the switch, and in so doing it was necessary, and plaintiff had been directed and instructed, to pass through the opening between the fourth and fifth cars on said switch. While he was doing so defendant caused to run against the car standing on the east end of the switch a cut of cars pushed by an engine, and plaintiff was caught and seriously injured. ' ,
*378 ' The ¡negligence alleged,-consisted in causing the cut of cars to be pushed upon and against the cars standing on the switch while the plaintiff was between .-the ¡ears, .in/failing,'to warn or notify the plaintiff .'.and in .having .an insufficient number of men-engagedin-ithe-¡handling, and switching of the cars.- it. v ...
-CThe-ariswer denied , negligence and alleged contributory ■ negligence on the part of the plaintiff. There was a verdict: and judgment for the plaintiff, ■which ;was affirmed - in the court .of appeals. ■. The cause -was brought here on error. . • ;
It was averred in-the'petition,,and-admitted-in the’ answer,• thitthe' defendant was employing.many mén-regulad-ly, in the same business,...in .and about the -same establishment, and had juot paid into the state insurance fund any, premium provided by ■the act of.-the general assembly of; O-hip,:known as the “Workmen’s Compensation Law,” .which was ■then in force. ■ ■ . ,.i;
’ The constitutionality of the act'.referred to.was attacked by-the defendant in error, in the. court below,' on the ground that by the terms of the act employers' employing five or more, workmen who 'do not take advantage-of its provisions, ■ are'deprived -im negligence cases of the defenses of negligence of' fellow servants, of assumed risk -and, of contributory negligence.
■ ■ The trial-court charged that the statute was,in force and operdtion at the time of the injuries complained of, and'that by virtue of its provisions all employers who emoloy five or more workmen regularly in the same business, or in or about the same *379 establishment, and who do not pay into the state insurance fund the premium provided by the statute, shall be liable to the employes for dariiages suffered by reason of personal injuries sustained in the course of their employment caused by the wrongful act, neglect or default of the employer, and that in such action the defendant could not avail itself of the defenses referred to.
The statute referred to was held to be a valid enactment not repugnant to any provision of the state or federal constitutions in State, ex rel. Yaple, v. Creamer, 85 Ohio St., 349.
The question referred to is the only question to which our attention has been directed by the plaintiff in error, and it is conceded that its determination necessarily disposes of the case.
State, ex rel. Yaple, v. Creamer, supra, is approved and followed and the motion is, therefore, sustained.

Motion sustained, and judgment affirmed.

Nichols, C. J., Johns on, Donahue, Wanamaicer and Wilkin, JJ., concur,